UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT CARROLL BOLTON,<br><br>                Plaintiff,<br><br>  v.<br><br>STATE OF WASHIGNTON, *et al*.,<br><br>                Defendants. | Case No. C12-1234-RAJ-JPD<br><br>REPORT AND RECOMMENDATION |

       On July 18, 2012, plaintiff submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed with this action *in forma pauperis*. Plaintiff alleged in his complaint that private security officers lied in a probable cause statement which, apparently, served as the basis for criminal charges which were brought against plaintiff in King County Superior Court.  Plaintiff further alleged that these same security officers lied, under oath, at trial.  Finally, plaintiff alleged that the trial judge, the prosecutor, and his defense attorney knowingly allowed the perjured testimony.  Plaintiff was apparently convicted of the charges which gave rise to this action.

REPORT AND RECOMMENDATION
PAGE - 1

On September 7, 2012, after reviewing plaintiff's submissions, this Court issued an Order granting plaintiff's application to proceed *in forma pauperis*. This Court also issued an Order directing plaintiff to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) based upon his failure to state a cognizable ground for relief.

The Court advised plaintiff in its Order to Show Cause that when a prisoner seeks to challenge the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus to which the exhaustion requirement applies. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990), *cert. denied*, 498 U.S. 1126 (1991). The Court further advised plaintiff that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

The Court noted in its Order to Show Cause that a decision in plaintiff's favor on the claims set forth in his civil rights complaint would likely undermine the validity of his criminal convictions. The Court further noted that plaintiff had made no showing that the challenged convictions had been invalidated. The Court therefore advised plaintiff that his claims did not appear to be cognizable in this § 1983 action. Plaintiff was granted thirty days within which to show cause why this action should not be dismissed and was advised that his failure to timely respond to the Court's Order would result in a recommendation that this action be dismissed. Plaintiff has submitted a number of documents to the Court since the issuance of the Order to Show Cause but none of those documents appears to respond to the Court's concerns regarding the cognizability of his civil rights claims.

REPORT AND RECOMMENDATION
PAGE - 2

1   When a complaint is frivolous, malicious, fails to state a claim on which relief may be
2   granted, or seeks monetary relief against a defendant who is immune from such relief, the Court
3   may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C.
4   § 1915(e)(2)(B).  As it appears that the claims asserted by plaintiff in his complaint are not
5   currently cognizable under § 1983, this Court recommends that plaintiff's complaint, and this
6   action, be dismissed, without prejudice, pursuant to § 1915(e)(2)(B).  This Court further
7   recommends that all of plaintiff's pending motions be stricken as moot.  A proposed Order
8   accompanies this Report and Recommendation.

9   DATED this 13th day of November, 2012.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3